IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DOROTHY HALE, *etc.*, ) | CASE NO. |
| ) | |
| PLAINTIFF, ) | JUDGE |
| ) | |
| vs. ) | **NOTICE OF REMOVAL TO** |
| ) | **FEDERAL COURT** |
| CUB CADET, LLC, *et al.*, ) | |
| ) | 3:10-CV-697-CSC |
| DEFENDANTS. ) | |

### I.   BACKGROUND

1.   Plaintiff, Dorothy Hale, as the Administratrix of the Estate of Grover Cleveland Hale, brought an action under the Alabama Wrongful Death Act currently pending in the Circuit Court of Lee County, Alabama, bearing case number CV-2010-900304.00, in which Defendants, Cub Cadet, LLC, and MTD Consumer Products[1] are named as Defendants.

2.   According to the Complaint, Plaintiff claims that Mr. Hale died when the Cub Cadet RZT 50 zero turn lawn mower that he was operating on August 29, 2009 rolled and crushed Mr. Hale. Plaintiff claims that Defendants defectively

---

[1] Plaintiff named MTD Consumer Products as a defendant in the caption. But Plaintiff refers, in the body of the Complaint, to "MDT Consumer Products" and "MDT," and Plaintiff has requested service upon, "MDT Consumer Products."

designed, manufactured, sold, marketed and tested the subject lawn mower, and that Defendants provided inadequate warnings.

## II. BASIS FOR REMOVAL

3. Pursuant to 28 USC §§ 1332 and 1441 *et seq.*, Defendants Cub Cadet, LLC and MTD Consumer Group Inc, incorrectly referred to in the Complaint as "MTD Consumer Products," hereby remove this civil action from the Circuit Court of Lee County, Alabama, to the United States District Court, Middle District of Alabama. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332(a). This Court has subject matter jurisdiction over this action because there is complete diversity of citizenship between plaintiff and each of the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This action involves a controversy between citizens of different states under 28 USC § 1332(a)(1), as shown below:

   a. Upon information and belief, Plaintiff was at the time of filing of this Notice and at the time the state court action was filed a citizen of the State of Georgia within the meaning of 28 USC § 1332.

   b. Defendant Cub Cadet, LLC, was at the time of filing of this Notice and at the time the state court action was filed incorporated in the

State of Ohio and having its principal place of business located at 5903 Grafton Road, Valley City, Ohio, 44280, and thus is a citizen of the State of Ohio within the meaning of 28 USC § 1332. Cub Cadet LLC is a single member corporation. Its sole member is MTD Service Inc, which is an Ohio Corporation, with the same principal place of business as Cub Cadet LLC.

    c.    Defendant MTD Consumer Group Inc, incorrectly referred to in the Complaint as "MTD Consumer Products", "MDT Consumer Products" and "MDT" was, at the time the state court action was filed, incorporated in the State of Ohio, having its principal place of business located at 5903 Grafton Road, Valley City, Ohio, 44280, and is a citizen of the State of Ohio within the meaning of 28 USC § 1332.[2].

5.    As set forth above, this Court has original jurisdiction over the subject matter based on complete diversity of Plaintiffs and Defendants pursuant to 28 USC § 1332.

6.    For the following reasons, the matter in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00):

    a.    In calculating a damage award, an Alabama Wrongful Death Act jury is instructed to consider: (1) the finality of death, (2) the propriety of punishing the defendant, (3) whether the defendant could have prevented

---

[2] To the best of the Defendants' knowledge, no entity named MTD Consumer Products exists. RZT lawn mowers bearing the Cub Cadet brand are generally manufactured by MTD Consumer Group Inc.

the victim's death, (4) how difficult it would have been for the defendant to have prevented the death, and (5) the public's interest in deterring others from engaging in conduct like the defendant's.  See *Roe v. Michelin North America, Inc.*, United States Court of Appeals, Eleventh Circuit, Case No. 09-15141, (Aug. 5, 2010) Slip Opinion attached as Exhibit A.

      b.    A district court should apply its judicial experience and common sense when determining whether a claim brought under the Alabama Wrongful Death Act exceeds the amount in controversy threshold of 28 USC § 1332.  *Id.* at pp. 11 – 13, 16.

      c.    When a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, "it need not give credence to a plaintiff's representation that the value of the claim is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled." *Id.* at pp. 13 – 14.

      d.    Plaintiff has alleged that Defendants caused Mr. Hale to be crushed beneath the subject lawn mower, thereby causing his death, by misrepresenting material facts to induce him to purchase the subject lawn mower. (Complaint, ¶ 10).

e.  Plaintiff has alleged that Defendants caused Mr. Hale's death by providing him with "no adequate warnings, information or communication" regarding the subject lawn mower. (Complaint, ¶ 9).

f.  Plaintiff has alleged that Defendants caused Mr. Hale's death by failing to install numerous features on the subject lawn mower to protect the reasonable operator, including a seat belt, roll bar, roll cage, and inclinemometer. (Complaint, ¶ 8).

g.  And Plaintiff has alleged that Defendants caused Mr. Hale's death by failing to adequately test the design, manufacture, operation, marketing literature and operator's manual of the subject lawn mower. (Complaint, ¶ 11).

h.  When viewed in light of the aforementioned five factors to be considered when calculating a damage award under Alabama's Wrongful Death Act, judicial experience and common sense dictate that the value of Plaintiff's claims (as pled) more likely than not exceeds the $75,000 minimum jurisdictional requirement.

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL

7.  Defendants were served with a copy of the initial pleading on July 16, 2010, and thus this Notice of Removal is being timely filed within the

requirements of 28 USC § 1446(b) and Fed.R.Civ.P. 6.

8. Written notice of the filing of this Notice of Removal shall be given to all adverse parties as required by law.

9. Copies of all process and pleadings served on the Defendants are attached to this Notice of Removal.

10. There are no named defendants other than the removing defendants.

11. The United States District Court for the Middle District of Alabama, Eastern Division, embraces the county in which the state court action was filed.

12. Pursuant to 28 USC § 1446(d), Defendants will file a copy of this Notice of Removal with the Circuit Court of Lee County, Alabama. Copies of the Notice of Filing of this Notice of Removal, together with this Notice of Removal, are being served upon plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, pursuant to 28 USC § 1332 and 1441 *et seq.*, Defendants respectfully request this action be removed from the Circuit Court of Lee County, Alabama, to the United States District Court for the Middle District of Alabama.

_____
Attorney for Defendants Cub Cadet LLC
and MTD Consumer Group, Inc.

OF COUNSEL:
**Samuel H. Franklin (FRANS2822)**
sfranklin@lightfootlaw.com
**J. Chandler Bailey (BAILJ4526)**
cbailey@lightfootlaw.com

**Elizabeth Huntley (HUNTE1243)**
ehuntley@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## Certificate of Service

I hereby certify that a copy of the foregoing Notice of Removal to the United States District Court for the Northern District of Alabama was provided to all parties as an attachment to the Notice of Filing Notice of Removal which is being simultaneously filed with the Lee County Clerk of the Court using the Alafile system on this the 16th day of August, 2010.

_____
OF COUNSEL