IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2010 AUG 16 P 5: 10
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

DOROTHY HALE, *etc.*, ) CASE NO. 3:10-cv-697-CSC
)
PLAINTIFF, ) JUDGE
)
vs. ) **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER**
)
CUB CADET, LLC, *et al.*, )
)
DEFENDANTS. )

## I. INTRODUCTION.

Defendants seek dismissal of this action or, in the alternative, transfer of venue to Ohio or Georgia. Plaintiff, Dorothy Hale, as Administratrix for the estate of Grover Cleveland Hale, deceased ("Hale" or "Plaintiff"), brought this action seeking damages under the "Wrongful Death Statute of Alabama." Hale's injury and death, however, occurred at his property in West Point, Georgia. Under the long-standing rule of *lex loci delicti*, Alabama law does not apply to injuries that occurred outside the state. Rather, the substantive rights of an injured party are determined solely according to the law of the state where the injury occurred. As such, the laws of Georgia, not Alabama, determine Plaintiff's substantive rights;

and Plaintiff's claims, which are premised solely on Alabama law, must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

In addition, venue is improper in this forum. The only connection between this case and the State of Alabama is that the subject product, a riding lawn mower, was allegedly purchased for the benefit of Mr. Hale from The Home Depot (which is not a defendant) in Lee County, Alabama. Accordingly, the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406.

In the alternative, Defendants request that this case be transferred to either the United States District Court for the Northern District of Ohio, Eastern Division, or the United States District Court for the Middle District of Georgia, Columbus Division, pursuant to 28 U.S.C. § 1404(a).

## II. STATEMENT OF FACTS.[1]

Plaintiff filed the Complaint on July 8, 2010, in the Circuit Court of Lee County, Alabama, Case Number CV-2010-900304.00, haling Cub Cadet LLC ("Cub Cadet") and MTD Consumer Group Inc ("MTD") to Lee County as defendants. On August 16, 2010, Defendants filed their timely Notice of Removal of the Complaint to the United States District Court for the Middle District of Alabama pursuant to diversity jurisdiction under 28 USC §§ 1332 and 1441 *et seq.*

[1] Defendants do not admit or deny any of the allegations set forth in the Complaint. Defendants' references to certain allegations of the Complaint are for purposes of this Motion only, and are not an admission of the truth of any of the allegations.

Plaintiff alleges that Mr. Hale died when the Cub Cadet RZT 50 zero turn lawn mower that he was operating on August 29, 2009 rolled. (Complaint, ¶¶ 2 – 4). **The accident occurred at Mr. Hale's property in West Point, Georgia**. *Id.* The lawn mower had been purchased on April 30, 2007, "for the use and benefit" of Mr. Hale from the Home Depot store in Opelika in Lee County, Alabama. *Id.* Plaintiff claims that Defendants should be held liable under the Alabama Wrongful Death Act because the subject lawn mower was defectively designed, manufactured, sold, marketed and tested, and that Defendants provided inadequate warnings. (Complaint, ¶¶ 8 – 12).

At all times relative to the Complaint, Cub Cadet and MTD maintained their principal places of business in Valley City, Ohio, and were citizens of that State. MTD designs and manufactures outdoor power equipment for sale and distribution under several brand names, including Cub Cadet. These products include Cub Cadet RZT zero turn riding lawn mowers, which are designed, manufactured, assembled and tested at MTD's headquarters in Valley City, Ohio, and/or at its production facility in Streetsboro, Ohio. Similarly, the instructions and warnings applicable to a Cub Cadet RZT zero turn riding lawn mower were created at MTD's headquarters or its production facility in Ohio.

## III. LAW AND ARGUMENT.

### A. Plaintiff's Complaint fails to state a claim upon which relief can be granted because it seeks relief solely under the Alabama Wrongful Death Act when this case is controlled by Georgia law.

Plaintiff has failed to state a claim for which relief can be granted. Plaintiff seeks damages exclusively under the Alabama Wrongful Death Act. The only part of the Complaint that addresses the issue of damages is the final prayer for relief, in which Plaintiff demands, "damages as are recoverable under the Wrongful Death Statute of Alabama, in an amount to be determined by a struck jury, which amount is totally at the discretion of a jury, and had no objective discernable amount in controversy." (See Complaint, pp. 4 – 5).

Alabama's choice-of-law standard, however, mandates that this case be decided under the Georgia law. "Alabama law does not apply to injuries that occurred outside the state." *Romero v. Drummond Co.*, 552 F.3d 1303, 1318 (11th Cir. Ala. 2008). Instead, Alabama has long followed the rule of *lex loci delicti*, "which means that the law of the state in which the injury occurred governs the substantive rights of the injured party." *G.F. Kelly Trucking, Inc. v. U.S. Xpress Enters.*, 281 Fed. Appx. 855, 861 (11th Cir. Ala. 2008); see also *Romero*, *supra.* (affirming the dismissal of Plaintiff's claims for tort damages under Alabama law when the injuries occurred in South America), *Middleton v. Caterpillar Indus.*,

*Inc.*, 979 So. 2d 53 (Ala. 2007); *Ala. Great S. R.R. Co. v. Carroll*, 97 Ala. 126, 11 So. 803 (Ala. 1892).

In this case, Plaintiff's claimed accident and injuries occurred at Mr. Hale's property in West Point, Georgia. (Complaint, ¶ 3). Accordingly, Plaintiff's sole claim for relief under the Alabama Wrongful Death Act is inapplicable, and the Complaint fails to state a claim for which relief can be granted. Accordingly, Plaintiff's Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

**B. Plaintiff's Complaint Has Been Filed In An Improper Venue, And Thus, The Complaint Should Be Dismissed Pursuant To Fed. R. Civ. 12(b)(3).**

Proper venue in a case involving diversity of citizenship is determined by reference to 28 U.S.C. § 1391(a), which provides that such an action may be brought "only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,

. . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." Under this statute, the only proper venue for this case is in the Northern District of Ohio.

First, both MTD and Cub Cadet are residents of Valley City, Ohio, which lies in the Northern District of Ohio. Thus, venue is proper in Ohio under 28 U.S.C. § 1391(a)(1).

Moreover, the events or omissions allegedly giving rise to Plaintiff's claim occurred in Ohio. Under Alabama law, the event or omissions for a product liability claim such as this are the "acts such as 'designing, manufacturing, assembling, distributing, and selling' the allegedly defective product, along with any alleged 'fail to warn.'" *See Ex Parte Volvo Trucks North America, Inc.*, 954 So.2d 583 (Ala. 2006) (quoting *Ex Parte Suzuki Mobile, Inc.*, 940 So. 2d 1007, 1010 (Ala. 2006)).

In this case, Plaintiff has asserted similar product-liability-related allegations against the Defendants. While Defendants specifically deny that they engaged in any such tortious conduct, if it were to have occurred as Plaintiff alleges, this conduct would have happened at Defendants' headquarters in Valley City, Ohio, and/or its production facility in Streetsboro, Ohio. Defendants did not design, manufacture, assemble, distribute, sell or formulate warnings with respect to the subject product in Alabama. Accordingly, venue is not proper in venue in Alabama under 28 U.S.C. § 1391(a)(2). As such, and because venue is proper as to Defendants in the Northern District of Ohio under both 28 U.S.C. § 1391(a)(1) and (2), the venue analysis cannot proceed to 28 U.S.C. § 1391(a)(3).

For these reasons, Plaintiff's Complaint has been filed in an improper venue and should be dismissed pursuant to Fed. R. Civ. 12(b)(3).

**C. In The Alternative, This Court Should Transfer Plaintiff's Claims Against Defendants to the federal courts of Ohio or Georgia pursuant to 28 U.S.C. § 1404(a).**

In the event this Court concludes that venue was not improper in Alabama, Defendants submit that 28 U.S.C. § 1404(a) strongly supports the transfer of venue to the Northern District of Ohio or, alternatively, the Middle District of Georgia.

Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, so long as the Court has personal jurisdiction over the defendant, it has the discretion to transfer the case to a more convenient forum, with or without a motion from either party. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) (holding that the transferee court must have personal jurisdiction and proper venue over the action before a transfer under § 1404(a) is proper).

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to a district where it could have been brought for: (1) the convenience of the parties; (2) the convenience of the witnesses; and, (3) the interests of justice. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). When making this

decision, courts generally rely on a number of factors including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and the availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system. *Gould v. National Life Ins. Co.*, 990 F. Supp. 1354, 1357-1358 (M.D. Ala. 1998) See also *Gulf Oil v. Gilbert*, 330 U.S. 501, 508, 91 L. Ed. 1055, 67 S. Ct. 839 (1947) (decided before enactment of § 1404).

The transfer of this case to the either Ohio or Georgia is warranted. As an initial matter, as noted above, this case could have been brought in Ohio under 28 U.S.C. § 1391 because both defendants are residents of that state and the alleged events or omissions giving rise to the Complaint occurred there. Moreover, to the extent that the Court would only reach this issue if it were to decide not to dismiss for improper venue in Alabama, the same conclusion would likely apply to Georgia as well.

The next factors, the convenience of the parties and witnesses, also dictates that the case be transferred. Indeed, Defendants anticipate that all of the witnesses and evidence in this case will be located in either Ohio (where Defendants manufactured the subject product) and Georgia (where Mr. Hale owned property and his accident occurred).

The interests of justice weigh in favor of transfer as well. "Public interest factors include the issues of congested dockets, concerns with resolving controversies locally, and having the trial in a forum that is familiar with the state law that governs the case." *Young*, 2010 U.S. 6051, *16, *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). Moreover, "federal courts considering the interests of justice have transferred cases where the parties have raised a substantial question on an issue collateral to the merits--such as personal jurisdiction." *Fort Knox Music, Inc. v. Baptiste,* 139 F. Supp. 2d 505, 511-12 (S.D.N.Y. 2001) (transferring case because "real questions exist as to whether this Court can properly exercise jurisdiction over defendant"); *C.M.B. Foods, Inc. v. Corral of Middle Ga.,* 396 F.Supp. 2d 1283, 1289 (M.D. Ala. 2005) (interests of justice weighed in favor of transfer to a forum "that unquestionably meets the venue and personal jurisdiction requirements for all the defendants in this lawsuit.").

In this case, Defendants have raised substantial questions on collateral issues – improper venue and failure to state a claim – which call into doubt the fundamental fairness of forcing Defendants into this forum. In contrast, venue and jurisdiction unquestionably lie in Ohio. Moreover, to the extent that Georgia may be an appropriate venue, Mr. Hale owned property there, the accident occurred there, and the case would likely be decided under Georgia law. Accordingly, the

public interest and interests of justice strongly weigh in favor of the transfer of this case to either the Ohio or Georgia.

## IV. CONCLUSION.

Defendants respectfully request that Plaintiffs' Complaint be dismissed, or, in the alternative, that this case be transferred to the United States District Court for the Northern District of Ohio, Eastern Division, or the United States District Court for the Middle District of Georgia, Columbus Division.

Attorney for Defendants Cub Cadet LLC
and MTD Consumer Group, Inc.

OF COUNSEL:
**Samuel H. Franklin (FRANS2822)**
sfranklin@lightfootlaw.com
**J. Chandler Bailey (BAILJ4526)**
cbailey@lightfootlaw.com
**Elizabeth Huntley (HUNTE1243)**
ehuntley@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## Certificate of Service

I hereby certify that a copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER** to the United States District Court for the Middle District of Alabama was provided to all parties as an attachment to the Notice of Filing Notice of Removal which is being simultaneously filed with the Lee County Clerk of the Court using the Alafile system on this the 16th day of August, 2010.

OF COUNSEL