IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DOROTHY HALE, as Administratrix of the Estate of Grover Cleveland Hale, deceased, | )<br>)<br>)<br>) |
| PLAINTIFF, | )<br>) |
| v. | ) CASE NO.  3:10-cv-697-MEF<br>) |
| CUB CADET, LLC; MTD CONSUMER PRODUCTS, et al., | )<br>) (WO-PUBLISH)<br>) |
| DEFENDANTS. | ) |

## MEMORANDUM OPINION AND ORDER

The Dorothy Hale ("Plaintiff"), the Administratrix of the estate of Grover Cleveland Hale ("Hale"), brings this suit against the manufacturer of the riding lawn mower which caused his death.  Plaintiff also brings suit against the manufacturer's parent company.  Although Plaintiff filed suit in the Circuit Court for Lee County, Alabama, the two named defendants removed the action, invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332.   This cause is now before the Court on Plaintiff's Motion to Remand (Doc. # 9).  The Court has carefully considered the submissions of the parties and the applicable law.  For the reasons set forth herein, the Court finds that the motion is due to be DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 29, 2009, Hale died in while using a lawnmower at his property in Georgia.  Hale had purchased the lawnmower at a Home Depot U.S.A. store located in Lee County, Alabama.  It is alleged that Defendant Cub Cadet, LLC ("Cub Cadet") designed,

assembled, manufactured, marketed, and distributed the lawnmower Hale purchased in a defective and unreasonably dangerous condition. Plaintiff seeks damages from Club Cadet and its parent corporation in this suit. Plaintiff also names several "fictitious defendants."

Plaintiff filed suit against these defendants in the Circuit Court of Lee County, Alabama on July 8, 2010. Plaintiff's Complaint seeks unspecified damages pursuant to the Alabama Wrongful Death Statute and the Alabama Extended Manufacturer's Liability Doctrine. On July 16, 2010, the named defendants were served with a copy of the initial pleading in this case.

On August 16, 2010, Cub Cadet and its corporate parent (collectively referred to as "Defendants") filed a Notice of Removal (Doc. # 1) in this Court. Defendants contend that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because more than $75,000 is in controversy and the Plaintiff is a citizen of Georgia and Defendants are citizens of Ohio. Defendants also filed a motion asking this Court to dismiss this case or to transfer it to a proper venue.

Plaintiff filed a motion to remand contending that Defendants have failed to offer sufficient grounds for removal in that the amount in controversy is insufficient to satisfy the requirements of the diversity statute. In so arguing, the Plaintiff makes specific contentions regarding the nature of permissible damages under the Alabama Wrongful Death Statute; however, Plaintiff subsequently conceded that Georgia law provides the substantive decisional authority for this action.[1]

---

[1] When a federal court exercises jurisdiction based upon diversity of citizenship, the court is bound to apply the substantive law of the state in which it sits. *Erie R. Co. v.*

## JURISDICTION AND REMAND STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Among the cases over which a federal district court may exercise subject matter jurisdiction are civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently *in excess of $75,000*, is met. *Id.*

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). However, the non-moving party may move for remand, which will be granted if "it appears that the district

---

*Tompkins*, 304 U.S. 64, 78 (1938). The *Erie* doctrine extends to choice-of-law questions, so that a court sitting in diversity must apply the forum state's conflict-of- law rules. *Strochak v. Federal Ins. Co.,* 109 F.3d 717, 719-20 (11th Cir. 1997) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)); *Thomas v. FMC Corp.*, 610 F. Supp. 912, 913-14 (M.D. Ala. 1985). For more than one hundred years, Alabama has steadfastly applied the traditional *lex loci delicti* choice of law rule to tort claims, including products liability claims and claims for wrongful death. *See, e.g., Life Star Response of Ala., Inc. v. Admiral Ins. Co.*, 17 So. 3d 200 (Ala. 2009); *Fitts v. Minnesota Mining & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991); *Bodnar v. Piper Aircraft Corp.*, 392 So. 2d 1161 (Ala. 1981); *Alabama Great S. R.R. v. Carroll*, 11 So. 83 (1892). Alabama has specifically rejected alternative approaches such as the one advance by the Restatement of Conflicts of Laws Second. *See, e.g., Fitts*, 581 So. 2d at 823; *Bodnar*, 392 So. 2d at 1163. Because it is alleged that Hale was injured and died in Georgia, the Court agrees that Georgia law, not Alabama law, provides the causes of action and remedies.

court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

## DISCUSSION

The Eleventh Circuit Court of Appeals has held that where a complaint specifically claims damages less than the requisite jurisdictional amount for diversity jurisdiction, a defendant must prove to a "legal certainty" that plaintiff's claims would not yield a recovery less than the jurisdictional amount to keep a removed case in federal court. *See, e.g., Burns,* 31 F.3d at 1095. However, when the complaint contains an unspecified demand for damages, a removing defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *See, e.g., Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356-57 (11th Cir. 1996); *Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1301 (M.D. Ala. 1999). "In cases where plaintiff has made such an unspecified damages demand, 'a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer.'" *Moss,* 43 F. Supp. 2d at 1301 (citing *Tapscott,* 77 F.3d at 1356-57).

In assessing whether it has subject matter jurisdiction over a case removed after service of the initial complaint,[2] this Court must determine whether subject matter

---

[2] The Eleventh Circuit Court of Appeals has recently clarified that there are three types of removal and that slightly different analyses apply to the varying types of removal. *See generally Roe*, 613 F.3d at 1061 n.4; *Pretka,* 608 F.3d at 756-768.

jurisdiction existed at the time of the removal. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Poore v. American-Amicable Life Ins. Co. of Tex.,* 218 F.3d 1287, 1290-91 (11th Cir. 2000); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (jurisdictional facts that support removal must be judged at the time of the removal, and any post petition affidavits are allowable only if relevant to that period of time); *Moss,* 43 F. Supp. 2d at 1303.

Here, Defendants have removed the suit to federal court on the basis of the initial complaint arguing that it is facially apparent from the complaint itself[3] that the amount in controversy exceeds the jurisdictional minimum even though the complaint does not claim a specific amount in damages. The Eleventh Circuit Court of Appeals has recently explained at length what a district court must do to evaluate the question presented by such a removal:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy.
>
> Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint...establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal

---

[3] Because Defendants have removed this case pursuant to the first paragraph of 28 U.S.C. § 1446(b), they could have presented additional evidence – business records and affidavits, for instance – to satisfy their jurisdictional burden; however, Defendants did not elect to do so. *See Roe,* 613 F.3d at 1061 n.4.

jurisdictional requirements.

*Roe*, 613 F.3d at 1061-62 (internal citations and quotations omitted).

An error in the Plaintiff's complaint which carried over into the Defendants' Notice of removal complicates the analysis in this case. Plaintiff incorrectly alleged that Hale's death entitled her to damages under the Alabama Wrongful Death Statute, which does not allow an award of compensatory damages, but instead limits recovery in wrongful death cases to punitive damages assessed on the basis of five factors. *See generally Roe*, 613 F.3d at 1064. In the Notice of Removal, Defendants repeat the Plaintiff's choice of law error and argue that under the Alabama Wrongful Death Statute the amount in controversy would more likely than not exceed $75,000. Of course, for the reasons previously explained, Georgia law applies to the claims in this action because the Cub Cadet product allegedly caused Hale's death in Georgia. Therefore, the parties contentions about the likely value of the claims under Alabama law are simply not relevant.

Georgia is unique in its measure of damages for a wrongful death act claim. Unlike other states, including Alabama which also has a unique but different approach, the measure of damages is the value of the decedent's life to him.[4] Therefore, the measure of damages

---

[4] The measure of damages in a wrongful death action under Georgia law is established by statute. *See* Ga. Code Ann. § 51-4-2(a). The recovery of damages permitted by Ga. Code Ann. § 51-4-2(a) is for the "full value of the life of the decedent, as shown by the evidence." Ga. Code Ann. § 51-4-2(a). The statute further states that the: "'Full value of the life of the decedent, as shown by the evidence' means the full value of the life of the decedent without deducting for any of the necessary or personal expenses of the decedent had he lived." *See* Ga. Code Ann. § 51-4-1(1). *See also Brock v. Wedincamp*, 558 S.E.2d 836, 841 (Ga. Ct. App. 2002). "The damages recoverable in a wrongful death action include the decedent's expected earnings, or the value of the decedent's services, from the date of the decedent's tortiously-caused premature death to the statistically-projected date of the

6

is the same as for a person who survives a tortious injury but is totally and permanently disabled. Other possible damages associated with the decedent's survivors are prohibited. Other than alleging the fact that Hale is deceased, both the Complaint and the Notice of Removal are devoid of any factual allegations that assist the Court in determining the value of Hale's life to him or the damages which he would have incurred if he had been totally and permanently disabled in the accident, instead of being killed. Nevertheless, applying common sense and drawing reasonable inferences from the factual allegations of the Complaint, the Court is satisfied that the amount in controversy exceeds $75,000.

## CONCLUSION

Because this Court is satisfied that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, it is hereby ORDERED that the Plaintiff's Motion to Remand (Doc. # 9) is DENIED.

DONE this the 8th day of November, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

decedent's natural death, plus an intangible element representing the full value of the life of the decedent." *Wesley Chapel Foot & Ankle Ctr. v. Johnson*, 650 S.E.2d 387, 391 n.6 (Ga. Ct. App. 2007) (citations omitted).