IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DOROTHY HALE, as Administratrix of the Estate of Grover Cleveland Hale, deceased, | ) ) ) ) |
| PLAINTIFF, | ) ) ) |
| v. | ) CASE NO. 3:10-cv-697-MEF ) |
| CUB CADET, LLC; MTD CONSUMER PRODUCTS, et al., | ) ) (WO-PUBLISH) ) |
| DEFENDANTS. | ) |

## MEMORANDUM OPINION AND ORDER

The Dorothy Hale ("Plaintiff"), the Administratrix of the estate of Grover Cleveland Hale ("Hale"), brings this suit against the manufacturer of the riding lawn mower which caused his death. Plaintiff also brings suit against the manufacturer's parent company. Although Plaintiff filed suit in the Circuit Court for Lee County, Alabama, the two named defendants removed the action, invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. This cause is now before the Court on Defendants' Motion to Dismiss or, in the Alternative, Motion to Transfer (Doc. # 2). The Court has carefully considered the submissions of the parties and the applicable law. For the reasons set forth herein, the Court finds that the motion is due to be DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 29, 2009, Hale died in while using a lawnmower at his property in Georgia. Hale had purchased the lawnmower at a Home Depot U.S.A. store located in Lee

County, Alabama.  It is alleged that Defendant Cub Cadet, LLC ("Cub Cadet") designed, assembled, manufactured, marketed, and distributed the lawnmower Hale purchased in a defective and unreasonably dangerous condition.  Plaintiff seeks damages from Club Cadet and its parent corporation in this suit.  Plaintiff also names several "fictitious defendants."

Plaintiff filed suit against these defendants in the Circuit Court of Lee County, Alabama on July 8, 2010.  Plaintiff's Complaint seeks unspecified damages pursuant to the Alabama Wrongful Death Statute and the Alabama Extended Manufacturer's Liability Doctrine.  On July 16, 2010, the named defendants were served with a copy of the initial pleading in this case.

On August 16, 2010, Cub Cadet and its corporate parent (collectively referred to as "Defendants") filed a Notice of Removal (Doc. # 1) pursuant to 28 U.S.C. § 1441(a). Defendants contend that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because more than $75,000 is in controversy and the Plaintiff is a citizen of Georgia and Defendants are citizens of Ohio.  Defendants also filed a motion asking this Court to dismiss this case or to transfer it to a proper venue.

Plaintiff filed a motion to remand contending that Defendants have failed to offer sufficient grounds for removal in that the amount in controversy is insufficient to satisfy the requirements of the diversity statute.  In so arguing, the Plaintiff makes specific contentions regarding the nature of permissible damages under the Alabama Wrongful Death Statute; however, Plaintiff subsequently conceded that Georgia law provides the substantive decisional authority for this action.  By separate Memorandum Opinion and Order, this Court

has denied the motion to remand and explained why this Court has subject matter jurisdiction over this action.

Now the Court must address the Defendants' arguments in support of dismissal or transfer. Defendants contend that because Plaintiff alleges only claims pursuant to the Alabama Wrongful Death Act, the Complaint fails to state a claim for which relief can be granted. Arguing that Georgia law must supply any substantive authority for Hale's death because it occurred in Georgia, Defendants seek dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Defendants seek dismissal of this suit or its transfer to another venue, because they contend venue is improper in Alabama. As a final alternative, Defendants seek transfer pursuant to 28 U.S.C. § 1404(a) to a more convenient forum.

## DISCUSSION

**A. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Prior to the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Now, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S. Ct. at 1949. A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* While a complaint need not contain detailed factual allegations to survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks and citations omitted). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

In this case, there is no plausible contention that the factual allegations fail to state a claim for which relief can be granted. The real problem is that the Complaint incorrectly identifies the legal source from which relief flows. The Complaint invokes the Alabama Wrongful Death Act, however, the Court finds that Georgia's law must apply.

When a federal court exercises jurisdiction based upon diversity of citizenship, the

court is bound to apply the substantive law of the state in which it sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The *Erie* doctrine extends to choice-of-law questions, so that a court sitting in diversity must apply the forum state's conflict-of- law rules. *Strochak v. Federal Ins. Co.,* 109 F.3d 717, 719-20 (11th Cir. 1997) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)); *Thomas v. FMC Corp.*, 610 F. Supp. 912, 913-14 (M.D. Ala. 1985). For more than one hundred years, Alabama has steadfastly applied the traditional *lex loci delicti* choice of law rule to tort claims, including products liability claims and claims for wrongful death. *See, e.g., Life Star Response of Ala., Inc. v. Admiral Ins. Co.*, 17 So. 3d 200 (Ala. 2009); *Fitts v. Minnesota Mining & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991); *Bodnar v. Piper Aircraft Corp.*, 392 So. 2d 1161 (Ala. 1981); *Alabama Great S. R.R. v. Carroll*, 11 So. 83 (1892). Alabama has specifically rejected alternative approaches such as the one advance by the Restatement of Conflicts of Laws Second. *See, e.g., Fitts*, 581 So. 2d at 823; *Bodnar*, 392 So. 2d at 1163. Because it is alleged that Hale was injured and died in Georgia, the Court finds that Georgia law, not Alabama law, provides the causes of action and remedies.

Defendants do not argue that Georgia law provides no remedy for wrongful death. Instead, they urge the Court to dismiss this action because of the error of Plaintiff's counsel with respect to the choice of law analysis. The Court is not at all convinced that Federal Rule of Civil Procedure 12(b)(6) is intended to work in such a fashion. Because the Court finds that the facts as alleged do support a plausible claim for relief under Georgia law, the motion to dismiss is due to be DENIED. The Court will, however, require the Plaintiff to correct the

5

legal errors in the Complaint by amendment pursuant to Federal Rule of Civil Procedure 15.

**B. Motion to Dismiss for Improper Venue**

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendants contend that the Complaint should be dismissed because venue is not proper. Defendants' contention rests on its application of 28 U.S.C. § 1391(a). While § 1391(a) normally governs the propriety of venue, it is clear that 28 U.S.C. § 1441(a) alone governs venue in cases removed to federal court. *See, e.g., Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) (holding that § 1391 has no application in a removed case which is instead governed by § 1441(a)); *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004); *Hollis v. Florida State Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001) ("once a case is properly removed to federal court, a defendant cannot move to dismiss on § 1391 venue grounds"); *Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 (11th Cir. 1997) (holding that the Supreme Court's decision in *Polizzi* clearly established that the geographic component of § 1441(a) is a venue provision); *Docrx, Inc. V. Dox Consulting, LLC*, No. CA 10-0364-C, 2010 WL 3548469 at *14 (S.D. Ala. Sept. 7, 2010); *Tritak v. Metropolitan Cas. Ins. Co.*, No. 3:08-cv-14-J-33JRK, 2008 WL 312675*1-*2 (M.D. Fla. Feb. 4, 2008) (dismissal arguments predicated on § 1391 on venue grounds are wholly meritless in cases removed to federal court pursuant to § 1441(a)). In light of the well-established law, the Court finds Defendants' arguments that venue is improper pursuant to §1391 are without merit. Because Defendants, relying on § 1441(a) properly removed this case to the federal court which embraces the place where the action was pending, venue is proper. *See* 28 U.S.C. § 1441(a).

To the extent that the motion seeks dismissal due to improper venue, it is due to be DENIED.

**C. Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)**

The final relief Defendants seek is the transfer of this action to Ohio or Georgia pursuant to 28 U.S.C. § 1404(a). The Eleventh Circuit has made it plain that a defendant dissatisfied with venue after removal may seek to have the case transferred to another district or division pursuant to § 1441(a). *See Hollis*, 259 F.3d at 1300. § 1404(a) allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and in the interests of justice. "28 U.S.C. § 1404(a) places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court." *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090 (M.D. Ala.1996); *see also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir. 1993), *cert. denied*, 513 U.S. 814 (1994); *Holmes v. Freightliner, LLC.*, 237 F. Supp. 2d 690, 692 (M.D. Ala. 2002).

The action may only be transferred to a venue in which the action could have originally been brought. *See* 28 U.S.C. § 1404(a). Pursuant to 28 U.S.C. § 1391(a)(1), the Court finds that this action could have been brought in the Northern District of Ohio, where Defendants reside. Additionally, a substantial part of the alleged events or omissions giving rise to the action occurred in Ohio and Georgia, which would support venue in those districts under § 1391(a)(2). Accordingly, the Court finds that venue is proper in either this district or the proposed transferor districts.

After determining whether the action could have been brought in the transferee district

7

court, the Court must decide whether the balance of convenience favors transfer. *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala. 1994). Courts generally consider the following factors: the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency. *See Folkes v. Haley*, 64 F. Supp. 2d 1152 (M.D. Ala. 1999); *Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 932 F. Supp. 281, 282 (M.D. Fla. 1996).

§ 1404(a) analysis recognizes that the plaintiff's selected forum is presumptively correct, and accordingly, the court affords deference to a plaintiff's selection. The defendant, therefore, bears the burden of demonstrating that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989). Section 1404(a) allows transferring to a more convenient forum, "but not one which is likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964). Faced with a motion to transfer, the court must engage in an "individualized case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622). Federal courts traditionally have accorded a plaintiff's choice of forum considerable deference. *See In re Ricoh Corp.*, 870 F.2d at 573; *Hutchens*, 928 F. Supp. at 1090. As some courts have stated, the weight to be given the plaintiff's forum choice is significant and "will not be disturbed unless the other factors weigh substantially in favor of transfer." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d

757, 774 (E.D. Tex. 2000) (citation omitted).

As between this Court and the United States District Court for the Northern District of Ohio, the forum non conveniens analysis is quite simple. Three key factors in this case support the denial of transfer: the plaintiff's initial choice of forum; the convenience of the parties; and the convenience of the witnesses. This district is far more convenient for most of the Plaintiff's witnesses and for Plaintiff. This district was Plaintiff's initial choice. As previously noted, Georgia law will provide the substantive law for this case. Due to the shared border with Georgia, this Court is not infrequently called upon to apply Georgia law. Surely it has done so more often than the judges of the United States District Court for the Northern District of Ohio. Sources of proof are likely located in Alabama, Georgia, and Ohio. While it is true that Defendants' records are likely in Ohio, Defendant has more resources and is better able to bear costs of litigating at a distance. On balance, the relevant factors simply do not weigh in favor of disturbing Plaintiff's choice of venue in Alabama in order to allow this case to proceed in Ohio.

When the decision is between this Court and the United States District Court for the Middle District of Georgia, the question becomes closer. Defendants contend that several witnesses in the case reside or work in Georgia,[1] including: Plaintiff, Hale's adult children, the Deputy Coroner for Harris County, Georgia, representatives of the Harris County, Georgia Sheriff's office, and the man who discovered Hale after the accident. Plaintiff lives

---

[1] Witnesses are who work in the border area may reside in either Alabama or Georgia.

in Georgia, but counsel for both parties are in Birmingham.[2] Defendants' witnesses are located in Ohio or Tennessee, which makes neither Georgia, nor Alabama more convenient to them. In any case, as such witnesses may be out of subpoena range of a court in Alabama or Georgia and may testify by deposition. Plaintiff argues that Georgia would be a more inconvenient forum in which to litigate this case and has selected Alabama. Defendants scoff at this contention noting that the courthouse for the United States District Court for the Middle District of Georgia is about forty miles from where Plaintiff resides.[3] What this argument misses is that the Opelika Courthouse for the United States District Court for the Middle District of Alabama is about twenty miles from where Plaintiff resides.[4]

As for access to documentary evidence and sources of proof, it would seem that to the extent those items are at or near Plaintiff's home in West Point, Georgia, they are more convenient to the courthouse where this case is assigned than they are to the courthouse for the United States District Court for the Middle District of Georgia. Additionally, Defendants documents and sources of proof are not more conveniently located to either courthouse. The convenience of the Plaintiff slightly favors this district over the Middle District of Georgia. The convenience of the Defendant does not favor either of these options. Either this Court

---

[2] The Court notes that the attorneys of record reside and regularly practice in the geographic area covered by the United States District Court for the Northern District of Alabama. Thus, they will be required to travel significant distances whether this case was tried in Opelika, Alabama or somewhere in the Middle District of Georgia.

[3] Part of this distance is on local roads and part is on the Interstate.

[4] Nearly this entire trip would be on Interstate 85.

or the United States District Court for the Middle District of Georgia would be able to use subpoena power in the border areas of Alabama and Georgia to secure witness attendance.

The relative means of the parties obviously favors Plaintiff's choice of forum. Her means are less substantial than the corporate defendants. As for the factor relating to the familiarity with the substantive law, it is without question that the Georgia court would be more familiar with Georgia law. That having been said, however, this Court has not infrequently been tasked with applying Georgia law to cases pending in this district.

The operative facts for this case occurred largely in Georgia or Ohio or Tennessee. It is alleged that the lawnmower which allegedly caused Hale's death was sold to in Alabama. Despite the fact that this lawsuit is not brought against the retail outlet, it is not clear at this juncture that the Defendants have no liability under Georgia law for marketing the lawnmower in Alabama. Thus, contrary to Defendants representation, the Court cannot find that none of the operative facts occurred in the Middle District of Alabama.

The relative convenience of the neighboring fora is a close question. When all the factors are weighed together, the Court may not transfer unless it is satisfied that Defendants have carried their burden of establishing that the relevant factors substantially weigh in favor of transfer. They have not done so in this case. For this reason, the motion is due to be DENIED.

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED as follows:

1.  To the extent that Defendants' Motion to Dismiss or, in the Alternative, Motion to Transfer (Doc. # 2) seeks dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6), it is DENIED.

2.  To the extent that Defendants' Motion to Dismiss or, in the Alternative, Motion to Transfer (Doc. # 2) seeks dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(3), it is DENIED.

3.  To the extent that Defendants' Motion to Dismiss or, in the Alternative, Motion to Transfer (Doc. # 2) seeks transfer of this action pursuant to 28 U.S.C. § 1404(a), it is DENIED.

4.  By no later than November 15, 2010, Plaintiff shall filed an Amended Complaint which refers to Georgia law rather than to Alabama law.

DONE this the 8th day of November, 2010.

           /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE